IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY D. TURNER, <br><br> Plaintiff <br><br> vs. <br><br> J. LEGGERR; DR. JIN; MICHELLE LUCAS; NEDRA GREGO; DORINA VARNER; DR. HERBIK; R. TRETNIK; CHRIS MYERS; S. BERRIER; B. WALSCH; R.J. GODINES,, <br><br> Defendants | Civil Action No. 09-1568 <br> Judge David Cercone <br> Magistrate Judge Lenihan <br><br> Doc No. 52 |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Motion for Preliminary Injunction be denied.

## II. REPORT

### A. Relevant Facts

Jeffrey Turner (Plaintiff), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 via an *in forma pauperis* motion filed on November 30, 2009. Subsequently, on June 7, 2010 he filed a Motion for Preliminary Injunction Doc. # 52. In the interim, motions to dismiss have also been filed and are pending. In his motion, Plaintiff alleged that he has been suffering from untreated medical conditions including swollen and red blotches on his skin which itch, and a foot and toe injury which has not been adequately treated. All defendants have filed briefs in opposition to this motion, alleging that plaintiff cannot succeed on the merits of this case, has not

alleged injuries which threaten irreparable harm, and finally, that his factual averments are not supported by the record. It is the court's recommendation that Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of a Preliminary Injunction.

B. <u>Legal Standard</u>

In determining whether a preliminary injunction is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. <u>American Civil Liberties Union v. Reno</u>, 217 F.3d 162, 172 (3d Cir. 2000), <u>vacated on other grounds and remanded sub nom.</u>, <u>Ashcroft v. American Civil Liberties Union</u>, 535 U.S. 564 (2002). More specifically with regards to the fourth prong, one seeking a TRO must show that the issuance of the injunctive relief would not be adverse to the public interest. <u>Dominion Video Satellite, Inc. v. EchoStar Corp.</u>, 269 F.3d 1149, 1154 (10th Cir. 2001). It "frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (emphasis deleted). Further, it is well established general law with respect to equitable injunctive relief that the Court is to bear constantly in mind that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." <u>Plain Dealer Publ'g Co. v. Cleveland Type. Union # 53</u>, 520 F.2d 1220, 1230 (6th Cir. 1975), <u>cert</u>. <u>denied</u>, 428 U.S. 909 (1976). As a corollary of this principle that preliminary injunctions should issue only in a clear and plain case, our Third Circuit Court of Appeals has

observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937). See also Spirol Int'l Corp. v. Vogelsang Corp., 652 F. Supp. 160, 161 (D.N.J. 1986). Moreover, it is plaintiff's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). With respect to the "irreparable harm" prong of proving entitlement to a TRO, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976). Additionally, in carrying his burden to show irreparable harm, a plaintiff must make a clear showing that irreparable harm will occur immediately. See ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). For "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co., 977 F.2d at 91 (internal quotations omitted) (emphasis added by Campbell Soup Co. court). Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

    C.    Discussion

As Defendants point out, Plaintiff bears the burden of a clear showing that immediate and irreparable injury will result to him if his relief is denied. The record before the court (See, *inter alia*, doc. no. 65 and attachments thereto) indicates that plaintiff has been provided treatments including medication and x-rays. He has been seen by a number of doctors and at

least one specialist. Without meaning to denegrate Plaintiff's medical complaints, the injuries alleged are not of the nature that they will cause him immeasurable and irreparable injury. It seems, rather, to be a disagreement as to the nature and amount of the treatment he is receiving, which is not the standard proscribed under the Eighth Amendment. Plaintiff has, per his filings, grieved these issues and that is the proper method of pursuit. He is always free to file another lawsuit alleging a claim under the Eighth Amendment, but this law suit is not to act as a vehicle for all claims he may have at this time, whether they be related or not. Plaintiff simply has not "by a clear showing, carrie[d] the burden of persuasion." Mazurek, 520 U.S. at 972 (emphasis deleted). Plaintiff has failed to show that the issuance of an injunction is "the only way of protecting the plaintiff from harm." See Campbell Soup Co., 977 F.2d at 91.

Accordingly, it is respectfully recommended that the motion be denied.

### III.   CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

_____
Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated: July 1, 2010

cc:

**JEFFREY D. TURNER**
EG-6080
SCI Fayette
Box 9999
LaBelle, PA 15450-0999

counsel of record