**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY D. TURNER**, | ) |
| Plaintiff, | ) |
| v. | ) |
| **J. LEGGETT**, Correctional Officer IV at SCI Fayette;  **DR. JIN**; **MICHELLE LUCAS**; **JOHN MCANANY**, CRNS at SCI Greene; **NEDRA GREGO**, RN at SCI Greene; **DORINA VARNER**, Chief Grievance Coordinator at Central Office; **DR. HERBIK**, Doctor at SCI Fayette; **R. TRETINIK**, CHCA at SCI Fayette; **CHRIS MYERS**, Physician Assistant at SCI Fayette;  **S. BERRIER**, CRNS at SCI Fayette;  **B. WALSCH**, Correctional Officer #1 at SCI Fayette; **R. J. GODINES**, Correctional Officer #1 at SCI Fayette | ) 2:09cv1568 Electronic Filing |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 2nd day of December, 2010, after de novo review of the record and upon due consideration of [84] the magistrate judge's report and recommendation filed on October 18, 2010, and [86] plaintiff's objections thereto, IT IS ORDERED that [59] the Medical Defendants' Motion to Dismiss Amended Complaint and [64] the Commonwealth Defendants' Motion to Dismiss Amended Complaint as supplemented [83] be, and the same hereby are, granted. The report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. The magistrate judge thoroughly considered

1

plaintiff's claims and properly concluded that he failed to allege any facts that rise to the level of a cognizable claim under the Eighth Amendment. Plaintiff's objections merely further substantiate the appropriateness of this determination.

First, plaintiff's objections and exhibits demonstrate that defendants were attentive to his medical needs and took action as appropriate. Consequently, the factual allegations underlying this aspect of his complaint fall far short of providing a factual basis reflecting a plausible claim that defendants were deliberately indifferent to a serious medical need.

Second, plaintiff's allegations are bereft of any basis to support the contention that the conditions of his confinement produced a violation of his constitutional rights. Plaintiff's claim that his exposure to the second-hand smoke caused by prison officials smoking cigarettes outside in the exercise yard violated his Eighth Amendment rights does not find support in the post-Helling jurisprudence. In Helling v. McKinney, the Supreme Court held that bunking with a cellmate who smoked five packs of cigarettes per day exposed an inmate to an unreasonable risk of future harm from environmental tobacco smoke ("ETS") exposure. 509 U.S. 25, 35 (1993). In the wake of Helling, courts have required the alleged exposure to rise to a level beyond mere annoyance or discomfort. See Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001) (holding that sitting near some smokers sometimes is not an unreasonable exposure to ETS); see also Pryor-El v. Kelly, 892 F.Supp. 261, 267 (D.D.C. 1995) (dismissing an ETS claim in which the plaintiff alleged "only that various unnamed inmates and prison officials smoke 'in the TV room, games room, and the letter writing room'").

Following the Court's teachings in Helling, the lower courts have required a plaintiff to demonstrate that the conditions underlying the claim constituted an exposure to an unreasonably high level of ETS. For example, the United States Court of Appeals for the Third Circuit has recognized a claim for unreasonable exposure to ETS where the prisoner's inmate was a serial smoker who smoked inside of the cell. Atkinson v. Taylor, 316 F.3d 257, 259 (3d Cir. 2003). In

Atkinson, the prisoner was exposed to constant smoking in his cell for over seven months and as a result suffered nausea, an inability to eat, headaches, chest pains, difficulty breathing, numbness in his limbs, teary eyes, itching, burning skin, dizziness, a sore throat, coughing and production of sputum.  In holding that the unreasonably high level of ETS exposure could be found to violate the plaintiff's constitutional rights, the court recognized that a prisoner cannot simply walk out of his cell whenever he wishes and is forced to endure constant exposure to ETS while inside the tiny perimeters of his own cell.   The court further reasoned that the conditions of which the prisoner complained produced symptoms that transcended the bounds of mere discomfort and reflected a serious medical need.   Id. at 268.

Unlike the prisoners in Helling and Atkinson, plaintiff does not allege that he constantly was exposed to ETS while inside his cell or in a similar enclosed area.   His exposure to ETS was limited to one-hour a day, five days a week, and took place in the exercise yard where he still enjoyed fresh air.   While this by no means suggests that involuntary exposure to ETS should be "acceptable" to an individual who desires complete freedom from it, the level of ETS that plaintiff alleges he was exposed to simply cannot rise to a level of exposure which could be found to be "unreasonably high".   See e.g. Mills v. Clark, 229 F.3d 1143, 2000 WL 1250781 *5 (4th Cir. 2000) (exposure to ETS once a week for only one hour does not, on its face, rise to the level of unreasonably high exposure required by Helling).   While plaintiff is entitled to be free from exposure to unreasonably high levels of ETS, he does not enjoy a constitutional right to be free from any ETS exposure whatsoever.   See id. ("Helling does not guarantee plaintiff a smoke free environment . . . ."); see also Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001) ("The Eighth Amendment does not require prisons to provide prisoners with more salubrious air . . . than [is] enjoyed by substantial numbers of free Americans.").   Consequently, plaintiff's allegations do not supply a factual predicate to support a plausible claim that the conditions of his confinement have violated his constitutional rights.

It follows that defendants are entitled to the dismissal of plaintiff's complaint.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Honorable Lisa Pupo Lenihan
United States Magistrate Judge

Paul R. Scholle, Esquire
Kathryn M. Kenyon, Esquire

(Via: CM/ECF Electronic Filing)

Jeffrey D. Turner
EG - 6080
S.C.I. Fayette
Box 9999
LaBelle, PA   15450 – 0999

(Via: First Class mail)